Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
05/14/2021 08:11 AM CDT

State of Nebraska ex rel. Counsel for Discipline
of the Nebraska Supreme Court, relator,
v. Jason M. Bruno, respondent.
___ N.W.2d ___

Filed February 19, 2021.    No. S-20-814.

Original action. Judgment of suspension.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke,
Papik, and Freudenberg, JJ.

Per Curiam.

## INTRODUCTION

The State Bar of Arizona entered a "Decision Order" regarding the respondent, Jason M. Bruno, on October 9, 2020. The Counsel for Discipline of the Nebraska Supreme Court, the relator, filed a motion for reciprocal discipline against the respondent. We grant the motion for reciprocal discipline and impose a suspension of 6 months.

## FACTS

The respondent was admitted to the practice of law in the State of Arizona in 2004 and in the State of Nebraska on February 28, 2005. He has been an active member of the Nebraska State Bar Association and the State Bar of Arizona.

On October 9, 2020, the State Bar of Arizona's presiding disciplinary judge issued a final judgment and order in which it found that the respondent violated the Arizona Rules of Professional Conduct. The respondent was found to have

violated "Arizona Rules of Professional Conduct ER 3.3(a)(3), ER 3.4(a) and (d), and ER 8.4 (c) and (d)." The charges arose from a discovery matter. The underlying facts generally involved the respondent's failure to disclose material.

The order suspended the respondent from the practice of law for a period of 6 months, followed by 2 years of probation upon reinstatement, additional CLE, and a "MAP assessment" with possible terms and conditions, plus costs and expenses.

On November 19, 2020, the relator filed a motion for reciprocal discipline pursuant to Neb. Ct. R. § 3-321 of the disciplinary rules. The motion stated that the above-cited Arizona Supreme Court rules are in sum and substance the equivalent to Neb. Ct. R. of Prof. Cond. §§ 3-503.3(a)(3) (rev. 2016) (candor toward tribunal), 3-503.4(a) and (d) (fairness to opposing party and counsel), and 3-508.4(c) and (d) (rev. 2016) (misconduct).

This court filed an order to show cause as to why it should not impose reciprocal discipline. On December 14, 2020, the respondent filed a response in which he requested oral argument and claimed, summarized and restated, that (1) he was not afforded due process in the disciplinary proceedings in Arizona and (2) the evidence does not support discipline. On January 6, 2021, the relator filed a response, arguing that the respondent has not overcome the presumption of regularity of the Arizona proceedings, and requested that this court impose a like discipline as that imposed by the Arizona Supreme Court.

## ANALYSIS

The basic issues in a disciplinary proceeding against an attorney are whether discipline should be imposed and, if so, the type of discipline appropriate under the circumstances. *State ex rel. Counsel for Dis. v. Murphy*, 283 Neb. 982, 814 N.W.2d 107 (2012). In a reciprocal discipline proceeding, a judicial determination of attorney misconduct in one jurisdiction is generally conclusive proof of guilt and is not

subject to relitigation in the second jurisdiction. *Id*. Neb. Ct. R. § 3-304 of the disciplinary rules provides that the following may be considered as discipline for attorney misconduct:

> (A) Misconduct shall be grounds for:
>
> (1) Disbarment by the Court; or
>
> (2) Suspension by the Court; or
>
> (3) Probation by the Court in lieu of or subsequent to suspension, on such terms as the Court may designate; or
>
> (4) Censure and reprimand by the Court; or
>
> (5) Temporary suspension by the Court; or
>
> (6) Private reprimand by the Committee on Inquiry or Disciplinary Review Board.
>
> (B) The Court may, in its discretion, impose one or more of the disciplinary sanctions set forth above.

Section 3-321 of the disciplinary rules provides in part:

> (A) Upon being disciplined in another jurisdiction, a member shall promptly inform the Counsel for Discipline of the discipline imposed. Upon receipt by the Court of appropriate notice that a member has been disciplined in another jurisdiction, the Court may enter an order imposing the identical discipline, or greater or lesser discipline as the Court deems appropriate, or, in its discretion, suspend the member pending the imposition of final discipline in such other jurisdiction.

In imposing attorney discipline, we evaluate each case in light of its particular facts and circumstances. *State ex rel. Counsel for Dis. v. Murphy, supra*.

Upon due consideration of the record, and the facts as determined by the State Bar of Arizona, we determine that suspension is appropriate. The respondent has not demonstrated a lack of due process of law or an infirmity of proof. The respondent made a robust defense in Arizona. The Arizona Supreme Court determined that the respondent concealed the existence of evidence which had not been disclosed to the defense. The court found that this was intentional and misleading to the

opposing counsel and that it caused the respondent's opposing party to change its strategy.

We grant the motion for reciprocal discipline and impose a suspension of 6 months.

## CONCLUSION

We conclude that cause has not been shown by the respondent. The respondent's request for oral argument is denied. The motion for reciprocal discipline is granted. The respondent is suspended from the practice of law for 6 months. The respondent shall comply with all notification requirements by suspended members provided by Neb. Ct. R. § 3-316 (rev. 2014), and upon failure to do so, he shall be subject to punishment for contempt of this court. The respondent is directed to pay costs and expenses in accordance with Neb. Rev. Stat. §§ 7-114 and 7-115 (Reissue 2012) and Neb. Ct. R. §§ 3-310(P) (rev. 2019) and 3-323(B) of the disciplinary rules within 60 days after an order imposing costs and expenses, if any, is entered by the court.

Judgment of suspension.